Filed 8/30/22 P. v. Mendez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>RAMON ENRIQUEZ MENDEZ,<br><br>        Defendant and Appellant. | C092872<br><br>(Super. Ct. No. STK-CR-FE-2007-0010866 & SF106859B) |

Defendant Ramon Enriquez Mendez was convicted of murder and other offenses based on his participation in an attempted robbery. He petitioned the trial court for resentencing under Penal Code[1] former section 1170.95[2] based on changes made to the

---

[1] Further undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6 with no change in the text. (Stats. 2022, ch. 58, § 10.) For purposes of clarity and conformity with the petition, we will continue to refer to the statute as section 1170.95 throughout the opinion. The Legislature further amended section 1170.95 effective

felony-murder rule by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437). The trial court summarily denied defendant's petition and, on appeal, defendant argues the trial court erred in doing so. While this appeal was pending, our Supreme Court issued *People v. Strong* (Aug. 8, 2022, S266606) ___ Cal.5th ___ [2022 Cal. Lexis 4563] (*Strong*). Based on *Strong*, we must vacate the trial court's order and remand the matter for further proceedings not inconsistent with *Strong*.

## LEGAL AND FACTUAL BACKGROUND

Given the nature of the instant appeal it is not necessary to recite all the facts underlying defendant's convictions. It suffices to say defendant agreed to help codefendant Jose Cardenas rob Francisco Montejo, and during the attempted robbery, Cardenas shot and killed Montejo. Defendant was convicted by a jury of first degree murder (§ 187), attempted robbery (§§ 664/211), and active participation in a criminal street gang (§ 186.22, subd. (a)). The jury also found the murder was committed during the attempted robbery (§ 190.2, subd. (a)(17)(A)), both the murder and the attempted robbery were committed for the benefit of a criminal street gang (§§ 186.22, subd. (b), 190.2, subd. (a)(22)) and a principal in the offenses discharged a firearm causing great bodily injury (§ 12022.53, subds. (d) & (e)).

On the murder conviction, defendant was sentenced to life without the possibility of parole plus consecutive terms of 25 years to life and 10 years for the firearm discharge and gang enhancements respectively. On the attempted robbery, defendant received a consecutive one-third the middle term of one year, plus enhancements of 25 years to life and 10 years for the firearm discharge and gang enhancements, to run concurrently to the terms on the murder charge. Finally, on the gang offense, defendant received a concurrent middle term of two years.

January 1, 2022, under Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551). This amendment to section 1170.95 has no impact on the issues raised by this appeal.

On appeal, we reversed the gang special-circumstance findings on the murder and attempted robbery offenses due to instructional error, struck the gang enhancements on those offenses because they could not be imposed in addition to the firearm use enhancements, and concluded the separate punishments for the robbery and gang charges must be stayed pursuant to section 654. We rejected defendant's argument there was insufficient evidence to support the robbery-murder special circumstance and in all other respects, we affirmed the judgment. (*People v. Mendez* (Jan. 10, 2013, C063386) [nonpub. opn.].)[3]

In 2019, defendant filed a petition for resentencing under section 1170.95. The trial court appointed counsel and the prosecution submitted a brief on the issue of defendant's eligibility for relief under section 1170.95. The prosecutor argued two reasons why relief under section 1170.95 was unavailable to defendant: (1) Senate Bill 1437 unconstitutionally amended Proposition 7 (as approved by voters Gen. Elec. (Nov. 7, 1978)) and Proposition 115 (as approved by voters Primary Elec. (June 5, 1990)); and (2) the true finding on the gang special-circumstance allegations meant the jury made the requisite findings to hold defendant accountable under the current law. Without specifically referencing the jury's section 190.2, subdivision (a)(17)(A), finding the murder took place during an attempted robbery, the prosecutor also argued defendant was guilty of murder because the jury must have found he was a major participant in the underlying robbery and acted with reckless indifference to human life.

At the hearing on the petition, the trial court stated the "petition to resentence is denied basically based on all the reasons the People listed in their response."

Defendant timely appealed.

---

[3] We previously granted defendant's motion to incorporate by reference our prior opinion in defendant's direct appeal.

3

DISCUSSION

I

*Legal Background*

Senate Bill 1437, effective January 1, 2019, was enacted to amend the felony-murder rule and eliminate the natural and probable consequences doctrine, as it relates to murder. (Stats. 2018, ch. 1015, § 4; *People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270, 275.) To that end, Senate Bill 1437 amended sections 188 and 189 and added section 1170.95.

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder. As relevant here, a participant in the perpetration or attempted perpetration of a felony listed in subdivision (a), defining first degree murder, in which a death occurs is liable for murder if the person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of section 190.2. (Stats. 2018, ch. 1015, § 3.)

Section 190.2, subdivision (d) provides, for the purposes of those special circumstances based on the enumerated felonies in paragraph (17) of subdivision (a), which include robbery, an aider and abettor must have been a "major participant" and have acted "with reckless indifference to human life." (§ 190.2, subd. (d); *People v. Banks* (2015) 61 Cal.4th 788, 798 (*Banks*).)

Senate Bill 1437 also added section 1170.95, which allows a person convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the murder conviction and resentence the person. (§ 1170.95, subd. (a); Stats. 2018, ch. 1015, § 4.) If a petition meets the pleading requirements set

4

forth in subdivision (b), counsel shall be appointed, a briefing schedule set, and "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1170.95, subds. (c), (b), as amended by Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022.) The court may also rely on the record of conviction (including a prior appellate court opinion) in determining whether that single prima facie showing has been made. (*People v. Lewis* (2021) 11 Cal.5th 952, 971-972.) If, taking the petitioner's factual allegations as true, petitioner would be entitled to relief if his or her factual allegations were proved, the court must issue an order to show cause and hold an evidentiary hearing on the petition. (§ 1170.95, subd. (d); Stats. 2018, ch. 1015, § 4.) " 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis,* at p. 971.)

## II

### *Analysis*

Here, defendant filed a facially sufficient petition alleging the essential facts required for relief under section 1170.95, subdivision (a).

Defendant contends the robbery-murder special circumstance finding does not render him ineligible for relief under section 1170.95.

Initially, we reject defendant's contention the Attorney General forfeited this argument by failing to present it to the trial court. While the prosecutor did not specifically reference the robbery-murder special-circumstance finding in the enumerated points in favor of denying the petition, the prosecutor devoted an entire section of its trial brief to this issue. Further, the trial court indicated it reviewed the briefs and agreed with the prosecution. Moreover, the trial court could properly consider the special-circumstance finding as part of the prima facie review process. (See *People v. Lewis, supra*, 11 Cal.5th at p. 971.)

On the merits, defendant argues the jury's special-circumstance findings are not entitled to any weight because, since his conviction, the Supreme Court clarified the analysis as to who qualifies as a major participant acting with reckless indifference to human life in *Banks, supra,* 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). The People respond because the jury found defendant committed a robbery murder as a major participant with reckless indifference to human life, he could still be convicted of first degree murder under the current law.

In our Supreme Court's recent *Strong* opinion, the court provided the definitive answer to this question.[4] In *Strong,* the Supreme Court held, "[f]indings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Strong, supra*, ___ Cal.5th ___ [2022 Cal. Lexis 4563, *15].) Here, in 2009, the jury found defendant was guilty of murder and found the enhancement of the robbery-murder special circumstance to be true. (§ 190.2, subd. (a)(17)(A).) Because the robbery-murder special-circumstance finding was made before *Banks* and *Clark,* this jury finding is not sufficient to deny a petition for relief under section 1170.95 for failure to state a prima facie case. Given defendant's facially sufficient petition alleging the essential facts required for relief under section 1170.95, subdivision (a), we must remand the matter for the trial court to issue an order to show cause and hold an evidentiary hearing under section 1170.95, subdivision (d), to determine if defendant should be resentenced. We express no opinion on the ultimate resolution of the petition.

---

[4] Both parties acknowledged *Strong* was pending in the Supreme Court and addressed the critical issue in this case.

6

## DISPOSITION

The trial court's denial of defendant's section 1170.95 petition is reversed, and the matter is remanded for the trial court to issue an order to show cause and hold an evidentiary hearing on the petition.

 /s/                        
HOCH, J.

We concur:

 /s/                        
ROBIE, Acting P. J.

 /s/                        
EARL, J.

7